UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RONEIPH HANNIBAL,

                      Plaintiff,                                      **COMPLAINT**

   -against-                                         JURY TRIAL DEMANDED

THE CITY OF NEW YORK, Corection Officer GREGORY
CHINA, Correction Officer JABBAR WASHINGTON, and
Correction Officer TLAEL REYES,

                      Defendants.
------------------------------------------------------------------------x

Plaintiff RONEIPH HANNIBAL, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, RONEIPH HANNIBAL, seeks relief for the Defendants violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 42, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about September 19, 2014 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

7.      Plaintiff Roneiph Hannibal is 27 years old and at all times hereinafter mentioned was and still is a resident of the State of New York and the County of the Queens.

8.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a correction department, which acts as its agent in the area of law enforcement within New York City Jail's and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a correction department and the employment of correction officers as said risk attaches to the public consumers of the services provided by the New York City Department of Correction.

10.     Defendants CHINA, WASINGTON and REYES are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Department of Correction, a municipal agency of THE CITY OF NEW YORK.  Defendants CHINA, WASINGTON and REYES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Department of Correction,

3

and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11. Defendants CHINA, WASINGTON and REYES are sued in their individual capacities.

## STATEMENT OF FACTS

12. On or about the morning of September 18, 2014 at the criminal courthouse located at 125-01 Queens Boulevard, Kew Gardens, New York, in the County of Queens Plaintiff Roneiph Hannibal was being escorted from a court appearance to a holding cell in the building. A verbal altercation occurred between Plaintiff and Defendants CHINA, WASHINGON, and REYES. In retaliation the Defendants cleared the holding cell of all other inmates/witnesses and proceeded to savagely beat Plaintiff with their fists and feet.

13. Plaintiff was later treated at the infirmary on Rikers Island and immediately transferred to Elmhurst Hospital where he presented with head trauma and subconjunctive hemorrhage to the right. Radiology at Elmhurst revealed Plaintiff had a non-displaced right nasal bone fracture and he was also diagnosed with a concussion. Plaintiff continued to receive treatment for the eye injury at Rikers Island and to date his vision from said eye is blurry.

14. The Defendants then lied about the incident to their superiors and falsely filled out paperwork relating to the same.

15. The actions of the individual Defendants were performed within the scope of their employment and authority, and for whose acts the defendant City is liable under the doctrine of *respondeat superior*.

### FIRST CAUSE OF ACTION
### EXCESSIVE FORCE

16. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

17. By their actions in repeatedly punching and kicking Plaintiff, Defendants CHINA, WASINGTON and REYES used excessive force. The acts and conduct of the Defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the the United States Constitution and its Amendments.

18. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, and was otherwise damaged and injured.

### SECOND CAUSE OF ACTION
### FALSIFICATION OF EVIDENCE

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. By their actions in lying about the altercation and falsifying related paperwork Defendants CHINA, WASINGTON and REYES falsified evidence. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution and its Amendements.

21. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, and was otherwise damaged and injured.

### THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

22. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its correction department, and through defendants CHINA, WASINGTON and REYES had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its correction department, and through defendants CHINA, WASINGTON and REYES had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and correction officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

STATE LAW CLAIMS

**FOURTH CAUSE OF ACTION**
**NEGLIGENT HIRING, SCREENING, RETENTION,**
**SUPERVISION AND TRAINING**

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants CHINA, WASINGTON and REYES. The acts and conduct of Defendant CITY OF NEW YORK were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**FIFTH CAUSE OF ACTION**
**BATTERY**

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. By their actions in repeatedly punching and kicking Plaintiff, Defendants CHINA, WASINGTON and REYES battered the Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his

statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empanelling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorneys' fees;

   e. Such other further relief as this court may deem appropriate and equitable.

Dated:  Brooklyn, New York
        January 21, 2016

                                        Respectfully submitted,

                                        **SCOTT G. CERBIN, ESQ., PLLC**
                                        Counsel for the Plaintiff

                                        /s/ Scott G. Cerbin
                                        By: Scott G. Cerbin (SC5508)
                                        16 Court Street, Suite 2901
                                        Brooklyn, New York 11241
                                        (718) 596-1829